**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-6020**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

WILLIAM JAMES LOWERY, III,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:05-cr-00524-HMH-3; 8:08-cv-70040-HMH)

─────────────

Submitted: July 28, 2009          Decided: August 12, 2009

─────────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

William James Lowery, III, Appellant Pro Se. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William James Lowery, III, seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Lowery has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal

---

[*] Although the district court reviewed the speedy trial claim under the Sixth Amendment instead of under the Speedy Trial Act, 18 U.S.C. § 3161 (2006), there was no ineffective assistance of counsel related to the speedy trial claim under the Act, as Lowery claimed.

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED